## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

DWAYNE UNDERWOOD,                      )
                                       )
                    Petitioner,        )
v.                                     )          Civil Action No. 1:11-0217
                                       )
WARDEN CAULEY,                         )
                                       )
                    Respondent.        )

### PROPOSED FINDINGS AND RECOMMENDATION

On April 4, 2011, Petitioner, acting *pro se*[1] and formerly incarcerated at FCI McDowell,[2]

filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C.

§ 2241. (Document No. 1.) Petitioner alleges that he is actually innocent of being a career offender

under the Sentencing Guidelines based upon United States v. Begay, 553 U.S. 137, 128 S.Ct. 1581,

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]  A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI McDowell, located in Welch, West Virginia. FCI McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Schuylkill, which is located in the Middle District of Pennsylvania. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

170 L.Ed.2d 490 (2008). (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## PROCEDURE AND FACTS

**A.    Criminal Action No. 2:99-cr-0717:**

On January 7, 2000, Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of one count of possession of cocaine base with the intent to distribute (Count 1) in violation of 21 U.S.C. § 841(a)(1); one count of possession of marijuana with intent to distribute (Count 2) in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime (Count 3) in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon (Count 4) in violation of 18 U.S.C. § 922(g)(1). United States v. Underwood, Case No. 2:99-cr-0717 (E.D.Pa. May 10, 2000), Document Nos. 51 and 52. On May 10, 2000, the District Court sentenced Petitioner to a total term of 270-months, to be followed by a three-year term of supervised release. Id., Document Nos. 57.

Petitioner filed his Notice of Appeal on May 18, 2000. Id., Document No. 59. In Petitioner's appeal, counsel argued as follows: (1) "The District Court erred in admitting hearsay evidence in the testimony of the Government's firearms examiner by adding an unsworn witness against Mr. Underwood and violated both the prohibition against hearsay and the confrontation clause of the Sixth Amendment of the United States Constitution;" and (2) "The District Court erred by admitting into evidence two photographs of Mr. Underwood holding a gun because the photographs were

unauthenticated and irrelevant and therefore violated Federal Rules of Evidence 901(a) and 403."
In his *pro se* brief, Petitioner argued as follows: (1) "The evidence supporting the 18 U.S.C. § 924
Count and the 21 U.S.C. § 841 Count was insufficient and a judgment of acquittal should have been
entered;" (2) "Absent a finding by the jury of the exact drug amount, the Court was only authorized
to sentence appellant to no more than the five year maximum for simple possession;" (3) "Absent
proof of the drug amount beyond a reasonable doubt the maximum sentence relied upon by the
sentencing court to increase appellant's sentence was illegal;" (4) "The drug expert's 'uninvited'
comment that appellant was in fact guilty of the charged offenses warrants a new trial;" (5)
"Appellant's prior conviction which qualified him as a career offender should have been subjected
to a higher standard of proof of it's violent nature where the increase in his sentence was substantial
and where the judge in the prior proceeding downgraded the charges." The Third Circuit Court of
Appeals affirmed Petitioner's conviction and sentence on December 28, 2001. Id., Document No.
75; United States v. Underwood, 281 F.3d 226 (3rd Cir. 2001).

**B.      Section 2255 Motion:**

On January 2, 2003, Petitioner filed in the Eastern District of Pennsylvania a Motion to
Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Underwood, Criminal Action No.
2:99-717, Document No. 76. Petitioner filed an Amended Section 2255 Motion on February 11,
2004. Id., Document No. 101. On March 9, 2004, the United States filed its Response. (Document
No. 102.) By Order entered on April 5, 2004, the District Court dismissed three of Petitioner's
claims as untimely. Id., Document No. 106. By Order entered on August 24, 2005, the District Court
dismissed Petitioner's remaining *habeas* claims. Id., Document no. 141. Petitioner filed his Notice
of Appeal on September 2, 2005. Id., Document No. 142. On September 6, 2007, the Third Circuit

affirmed the District Court's order denying Petitioner's *habeas* petition. Id., Document No. 146; United States v. Underwood, 246 Fed.Appx. 92 (3rd Cir. 2007).

**C.     Motion to for Reduction of Sentence:**

On April 2, 2008, Petitioner filed in the Eastern District of Pennsylvania a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on the amendments to the Sentencing Guidelines regarding crack cocaine. Underwood, Criminal Action No. 2:99-717, Document No. 147. Counsel was appointed and a Supplemental Memorandum in Support of Petitioner's Motion for Reduction of Sentence was filed on October 30, 2008. Id., Document No. 150. The United States filed its Response on December 11, 2008. Id., Document No. 151. By Order entered on April 21, 2009, the District Court denied Petitioner's Motion finding that "the crack cocaine amendments do not lower Defendant's overall sentencing range."[3] Id. The District Court noted that Petitioner was sentenced as a career offender based upon his "two prior state convictions for: 1) robbery and conspiracy; and 2) recklessly endangering another person." Id. Petitioner filed his Notice of Appeal on April 22, 2009. Id., Document No. 153.  By Order entered on March 29, 2011, the Third Circuit dismissed  Petitioner's appeal for failure to prosecute. Id., Document No. 172.

**D.     Motion for Return of Seized Property:**

On April 22, 2010, Petitioner filed in the Eastern District of Pennsylvania a Motion for Return of Seized Property Pursuant to Rule 41(g). Id., Document No. 157. The United States filed its Response in Opposition on May 13, 2010. Id., Document No. 158. The United States filed its

---

[3]  The Court noted that Defendant was sentenced as a career offender based upon his "two prior state convictions for: 1) robbery and conspiracy; and 2) recklessly endangering another person."

4

Supplemental Response on May 27, 2010. Id., Document No. 161. The United States filed its

Second Supplemental Response on July 26, 2010. Id., Document No. 165. By Order entered on July

28, 2010, the District Court denied Petitioner's Motion for Return of Seized Property. Id., Document

No. 166. Petitioner filed his Notice of Appeal on August 6, 2010. Id., Document No. 167. On

November 29, 2010, the Third Circuit denied Petitioner's appeal. United States v. Underwood, 408

Fed.Appx. 620 (3rd Cir. 2010). Specifically, the Third Circuit explained as follows:

> Although he appeals the order denying his Rule 41(g) motion, Underwood has
> chosen to devote his brief on appeal to an entirely different subject; namely, a claim
> that he should be re-sentenced in light of Begay v. United States, 553 U.S. 137, 128
> S.Ct. 1581, 170 L.Ed.2d 490 (2008), because his designation as a career offender
> under U.S.S.G. § 4B1.1 was improperly based upon a prior conviction for reckless
> endangerment. As the government rightly argues, this appeal is not the proper forum
> for Underwood to launch a collateral attack upon the legality of his sentence.
> Because Underwood has elected not to brief any issue challenging the order denying
> his motion for return of property, he has waived any such issue.

Id.

**E.     Section 2241 Petition:**

On April 4, 2011, Petitioner filed his instant Application for Writ of *Habeas Corpus* by a

Person in Federal Custody under 28 U.S.C. § 2241. (Civil Action No. 1:11-0217, Document No. 1.)

Petitioner alleges that he is actually innocent of being a career offender under the Sentencing

Guidelines based upon United States v. Begay, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490

(2008). (Id., p. 9.) Petitioner explains that he "was sentenced in the underlying criminal case to 270

months imprisonment, the sentence was based primarily on the district court classifying him as a

career offender pursuant to U.S.S.G. §§ 4B1.1, 4B1.2(a)(1)(c)." (Id.) Petitioner states that the

District Court classified him as a career offender after "finding that Underwood had two qualifying

prior convictions, one of those convictions being Underwood's state of Pennsylvania conviction for

reckless endangerment." (Id.) Petitioner contends that he challenged the use of the prior reckless endangerment conviction as a predicate for the enhancement during sentencing and on appeal. (Id.) Petitioner complains that the District Court overruled his objections and the Third Circuit affirmed his sentence. (Id.) Petitioner argues that "since Underwood's sentence and appeal, the United States Supreme Court ruled in Begay v. United States, 553 U.S. 137 (2008) that the residual clause of the ACCA should be interpreted to encompass only 'purposeful' crimes." (Id.) Petitioner further states that "in United States v. Lee, 612 F.3d 170, 196 (3rd Cir. 2010) and the parties agreed that the Pennsylvania offense of reckless endangerment no longer qualifies as a career offender predicate." (Id.) Petitioner, therefore, argues that he is actually innocent of the career offender classification. (Id.) Petitioner further asserts that the authority relied on by the Third Circuit in affirming his sentence is no longer good law. (Id., pp. 10 - 11.) Petitioner, therefore, argues that he "must be resentenced without benefit of the career offender classification to time served." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir.

2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Eastern District of Pennsylvania. Specifically, Petitioner contends that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Pennsylvania. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the

inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences.); Also see In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *conviction*. Citing <u>Begay</u> and <u>Lee</u>, Petitioner argues that the sentencing Court improperly considered a prior state conviction as a predicate offense for purposes of classifying him as a career offender pursuant to U.S.S.G. § 4B1.1. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon <u>Begay</u> and <u>Lee</u> does not meet the requirements of the saving clause. <u>See</u> <u>Bennett v. United States</u>, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); <u>also see</u> <u>Farrow v. Revell</u>, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); <u>Noggin v. Wilson</u>, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, and his Section 2241 Petition should be dismissed.

## <u>PROPOSAL AND RECOMMENDATION</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 11, 2014.

R. Clarke VanDervort
United States Magistrate Judge