IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DWAYNE UNDERWOOD,

      Petitioner,

v.                               Civil Action No: 1:11-00217

E.K. CAULEY,
Warden

      Respondent.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on April 11, 2014 in which he recommended that the petitioner's application be dismissed. Doc. No. 21.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner filed his objection to the PF&R on April 28, 2014. (Doc. No. 22). Accordingly, this court has conducted a de novo review. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de

1

novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  Petitioner's objection is without merit for the reasons that follow.

### I.   Background

On January 7, 2000, following a jury trial, petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of marijuana with intent to distribute, in violation of U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  See United States v. Underwood, No. 2:99-cr-0717 (E.D. Pa. May 10, 2000), Doc. Nos. 51 and 52.  On May 10, 2000, the district court sentenced petitioner to a total term of 270 months imprisonment.  Id., Doc. No. 57.  Critical to the current action, the district court applied the career offender enhancement after determining that a prior Pennsylvania state conviction for reckless endangerment constituted a "crime of violence" under U.S.S.G. § 4B1.2(a)(2).  The Third Circuit Court of Appeals affirmed the conviction and sentence on December 28, 2001 despite petitioner's contention, among others,

that the district court erred by concluding that reckless

endangerment constituted a "crime of violence."  United States

v. Underwood, 281 F.3d 226 (3d Cir. 2001).  Petitioner did not

petition the United States Supreme Court for a writ of

certiorari.  On January 2, 2003, petitioner filed a motion under

28 U.S.C. § 2255 to vacate, set aside or correct the sentence in

the Eastern District of Pennsylvania.  Underwood, No. 2:99-717,

Doc. No. 76.  Petitioner's claims were ultimately denied, and

the Third Circuit affirmed the denial.  Id., Doc. Nos. 106, 141,

and 146; United States v. Underwood, 246 F. App'x 92 (3d Cir.

2007).

On April 4, 2011, petitioner filed the instant application

for writ of habeas corpus under 28 U.S.C. § 2241.  Doc. No. 1.

Petitioner primarily contends that under Begay v. United States,

553 U.S. 137 (2008), decided after his conviction and § 2255

motion, his prior Pennsylvania state conviction for reckless

endangerment did not qualify as a crime of violence under

U.S.S.G. § 4B1.1.  In Begay, the Supreme Court held that

"violent felony" as defined in the Armed Career Criminal Act

section imposing a special mandatory 15-year prison term on

felons who unlawfully possess a firearm and have three or more

violent felonies encompassed only crimes that involve

"purposeful, violent, and aggressive conduct."  Id. at 144-45.

The Third Circuit has since determined that reckless

3

endangerment – one of the crimes for which petitioner received the career offender enhancement because it classified as a "crime of violence" – is no longer a "crime of violence" after Begay.  United States v. Lee, 612 F.3d 170, 196 (3d Cir. 2010). ("[F]ollowing Begay, a conviction for mere recklessness cannot constitute a crime of violence.")  Based on these authorities, petitioner contends he is actually innocent of the career offender classification, and therefore is entitled to be resentenced.

## II.  Proposed Findings and Recommendation

First, the magistrate judge concluded that the claims raised by petitioner in his § 2241 petition are ones properly considered under § 2255.  The magistrate judge further determined that the petition should not be transferred to the Eastern District of Pennsylvania because petitioner has sought relief under § 2255 in the sentencing court on at least one occasion, and he has not obtained a certification to file a second or successive motion.

Second, and more critical to petitioner's objection, the magistrate judge concluded that § 2255 was not "inadequate or ineffective" to test the legality of petitioner's detention. Therefore, the magistrate judge concluded that petitioner could not satisfy the mandates of the § 2255 "savings clause" which

4

permits an individual to challenge his conviction in a venue
other than the sentencing court.

### III. **Petitioner's Objection to the PF&R**

Petitioner objects to the determination that § 2255 is not
"inadequate or ineffective to test the legality of his
detention."  Petitioner relies on Brown v. Caraway, 719 F.3d 583
(7th Cir. 2013).  There, the Seventh Circuit held that a habeas
petitioner could invoke § 2241 under the § 2255 savings clause
to challenge his sentence on the basis that one of the
convictions used to classify him as a career offender, arson in
the third degree,[1] no longer qualified as a crime of violence
under Begay.  Brown, 719 F.3d at 585.  The court stated that
"the misapplication of the sentencing guidelines, at least where
(as here) the defendant was sentenced in the pre-Booker era,
represents a fundamental defect that constitutes a miscarriage
of justice corrigible in a § 2241 proceeding."  Id. at 588.

Petitioner is correct that Brown supports his argument.
However, the weight of authority is on the other side of this
issue.  Every other circuit to address the issue has determined
that the savings clause does not permit a prisoner to bring in a
§ 2241 petition a guidelines miscalculation claim that is barred

---

[1] The Delaware arson law punished one who "'recklessly damages a
building by intentionally starting a fire or causing an
explosion.'"  Brown, 719 F.3d at 590 (citing 11 Del. C. §
801(a)).

by § 2255(h)'s prohibition on second or successive motions.  See

Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)(en

banc); In re Bradford, 660 F.3d 226, 229-30 (5th Cir. 2011);

United States v. Peterman, 249 F.3d 458 (6th Cir. 2001); Okereke

v. United States, 307 F.3d 117 (3d Cir. 2002).  Gilbert, the

Eleventh Circuit's en banc decision, is particularly instructive

for its elaboration of the principles and policy implications at

stake.  "The critically important nature of the finality

interests safeguarded by § 2255(h) . . . weighs heavily against

an interpretation of the savings clause that would lower the

second or successive motions bar and permit guidelines-based

attacks years after the denial of an initial § 2255 motion."

Id. at 1309.

This court is further convinced that the Brown court is on

the wrong side of this split by the statement by Judge

Easterbrook concerning the circulation under Seventh Circuit

Rule 40(e).[2]  Then Chief Judge Easterbrook wrote,

> Arguments that contradict circuit law can serve a
> purpose:  If Brown had presented his argument
> earlier, Begay v. United States might have come
> in 2000, as Brown v. United States.  The reason
> Begay came out as and when it did was that Begay
> made his argument at sentencing and pursued it
> all the way to the Supreme Court.

---

[2] The statement reads as a dissent, however Judge Easterbrook was
not on the panel.  "[A]ppellate judges may explain why they have
not voted to hear a case en banc, even though they doubt the
soundness of the panel's decision."  Brown, 719 F.3d at 596.

Id. at 598.  He concluded that the Brown "decision undermines
finality by authorizing successive belated, collateral attacks."
Id. at 600.

The Fourth Circuit has not squarely addressed this issue in
a published opinion.  In Farrow v. Revell, 2013 WL 5546155 (4th
Cir. 2013), an unpublished decision, the court concluded that a
challenge to a classification as an armed career criminal is not
cognizable in a § 2241 petition.  Id. at *1.  Furthermore, the
Fourth Circuit has not extended the scope of the savings clause
to encompass challenges to sentences rather than convictions.
United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008).
Rather, the savings clause is satisfied when:  "(1) at the time
of conviction, settled law of this circuit or the Supreme Court
established the legality of his conviction; (2) subsequent to
the prisoner's direct appeal and first § 2255 motion, the
substantive law changed such that the conduct of which the
prisoner was convicted is deemed not to be criminal; and (3) the
prisoner cannot satisfy the gatekeeping provisions of § 2255
because the new rule is not one of constitutional law."  In re
Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)(emphasis supplied).

It seems apparent that petitioner could meet the first and
third prong of the Jones test.  However, he cannot satisfy the
second prong.  That is, the conduct of which petitioner was
convicted remains criminal.  Furthermore, petitioner does not

7

allege an intervening change in law that establishes his actual innocence of even the underlying conviction for reckless endangerment.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").  Petitioner's contentions that he is actually innocent of being a career offender, a sentencing enhancement, are therefore not cognizable under § 2241.

## IV.  Conclusion

Petitioner cannot satisfy the requirements of the savings clause.  Section 2255 is not "inadequate or ineffective" to test the legality of petitioner's detention.  As such, the magistrate judge correctly determined that the § 2241 petition should be dismissed.

Accordingly, the court OVERRULES petitioner's objection to Magistrate Judge VanDervort's PF&R.  The court adopts the factual and legal analysis contained within the PF&R, DISMISSES petitioner's application for writ of habeas corpus (Doc. No. 1), and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to petitioner, pro se.

IT IS SO ORDERED on this 22nd day of August, 2014.

8

ENTER:

David A. Faber
Senior United States District Judge